UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No: 8:22-cr-324-TPB-JSS

MOHAMMED NIDAL JABER,

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S MOTION TO EXCLUDE DNA EVIDENCE AND REQUEST FOR A *DAUBERT* HEARING"**

This matter is before the Court on "Defendant's Motion to Exclude DNA Evidence and Request for a *Daubert* Hearing," filed by counsel on August 7, 2023. (Doc. 66). On September 6, 2023, Plaintiff filed his response in opposition to the motion (Doc. 70) and on September 8, 2023, Defendant filed a reply.[1] (Doc. 71). The Court held a hearing on October 26, 2023. (Doc. 86). On October 27, 2023, Defendant filed a supplement. (Doc. 89). After reviewing the motion, response, reply, supplement, court file and the record, the Court finds as follows:

## Background

On April 17, 2022, a shootout occurred at Scores Gentleman's Club in Tampa, Florida, resulting in at least one death. During the death investigation, law enforcement impounded a vehicle that was registered to a company related to Defendant Mohammed Nidal Jaber.

---

[1] The Court accepted the reply although it was originally filed without leave of court. (Doc. 73).

During a consensual search of the impounded vehicle, law enforcement located several firearms, including a Glock. As part of the instant investigation, the Glock was swabbed for DNA and sent to DNA Labs International for analysis, along with buccal swabs from Defendant. Forensic analyst Brooke McGuffin examined the samples and concluded that there was very strong support to believe that Defendant's DNA could not be excluded from the DNA mixtures found on various parts of the tested firearm. In September 2022, Defendant Mohmmed Nidal Jaber was indicted for knowingly possessing a firearm as a convicted felon. Unlike many cases where the Government has numerous pieces of evidence linking a defendant to a firearm, here the Government's case heavily relies on the DNA evidence to establish Defendant's connection to the firearm.

## **Legal Standard**

An expert witness may testify in the form of an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "The party offering the expert testimony bears the burden of establishing, by a preponderance of the evidence, the expert's qualification, reliability, and helpfulness." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 942 (11th

Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc)).

Functioning as a gatekeeper, the district court plays an important role by ensuring that all expert testimony is reliable and relevant. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). Although *Daubert* references specific factors for the district court to consider when evaluating relevancy and reliability, the inquiry is a flexible one, focusing on the principles and methodology employed by the expert, not on the conclusions reached. *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1305 (11th Cir. 2014); see also *Hanna v. Ward Mfg., Inc.*, 723 F. App'x 647, 649-50 (11th Cir. 2018) (outlining the criteria for the admissibility of expert witness testimony). Essentially, the Court is simply asked to determine if the evidence "rests on a reliable foundation and is relevant." *Daubert*, 509 U.S. at 597.

## Analysis

In his motion, Defendant seeks to exclude or limit testimony related to the DNA results proffered by the Government, arguing that the methodology used by DNA Labs International is unreliable. Specifically, Defendant argues that DNA Labs International failed to follow its own internal procedures and protocols by failing to test for other contributors, failing to test for peak levels below the analysis threshold, and by using software unsuitable for this type of testing.[2] To support his

---

[2] The Court notes that Defendant does not challenge the qualifications of McGuffin or DNA Labs International, an accredited testing laboratory. He also does not challenge the general reliability of PCR/STR testing, the type of DNA testing performed in this case.

argument, Defendant relies heavily on *United States v. Williams*, No. 3:13-cr-764-WHO-1, 2017 WL 3498694 (N.D. Cal. Aug. 15, 2017).[3]

At the *Daubert* hearing, Defendant's expert witness, Tiffany Roy, testified that the samples collected from the firearm had too many contributors to be reliably analyzed by DNA Labs International's STRMix software, a peer reviewed program that has been accepted by the scientific community. Roy conducted her own tests using the same software and identified a higher number of contributors because she looked below the analytical threshold for additional DNA peaks from low-level contributors. She testified that looking below the analytical threshold for low-level contributors was not "required" by DNA Labs International's procedures, but it was the "best practice."

Rachel Oefelein, the chief scientific officer at DNA Labs International, testified for the Government that McGuffin's analysis did not violate any internal lab procedures or protocols. For instance, Ms. Oefelein testified that although the lab's procedures *permitted* analysts to look below the analytical threshold for additional peaks, they were not *required* to do so, and such testing is not standard practice at DNA Labs International or other testing labs. Furthermore, Oefelein noted that when Roy conducted her own tests, Roy looked at DNA "three times below" DNA Labs International's analytical threshold. Oefelein further testified

---

[3] In *Williams*, the district court for the Northern District of California found that the DNA results generated by the Contra Costa Crime Lab were sufficiently reliable to be admissible because the analysis followed lab protocols and her assumptions could be tested during cross-examination. However, the district court concluded that the Serological Research Institute ("SERI") results relied on unsound methodology because of the way SERI performed its analysis and therefore excluded the SERI results.

that DNA Labs International has set its analytical threshold at the level that is most likely to result in the most accurate data about the number of contributors to a sample.

Defendant cannot point to any evidence that McGuffin failed to abide by established lab procedures and protocols. Collectively, the testimony demonstrates that Roy and DNA Labs International followed different procedures that were both accepted within the scientific community. They simply disagree about which procedures produce the most reliable results.

After careful consideration, the Court finds that Defendant's attacks on the DNA testing go to the weight of the DNA evidence, not to its admissibility. *See United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) (concluding that a lab's alleged failure to take special precautions during PCR testing does not necessitate the exclusion of the DNA results). Defendant may certainly challenge the DNA evidence through vigorous cross-examination and the presentation of contrary evidence at trial, among other things. *See Daubert*, 509 U.S. at 596; *United States v. Barton*, 909 F.3d 1323, 1332 (11th Cir. 2018). But it would be improper to exclude such evidence from the jury when the lab utilized reliable methods that meet the standards set forth in *Daubert*. Defendant's motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Exclude DNA Evidence and Request for a *Daubert* Hearing" (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of November, 2023.

                                           **TOM BARBER**
                                           **UNITED STATES DISTRICT JUDGE**